1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRISTAN BRIGHT,

                    Plaintiff,

          v.

C/O BRINK, C/O RANKIN, C/O
EARWICK, C/O STEVENSON,
PIERCE COUNTY JAIL,

                    Defendants.

No. C11-5969 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  May 18, 2012**

Presently before the Court is the motion to dismiss of Defendants Pierce County Jail and

Correctional Officers Brink, Rankin, Earwick, and Stevenson pursuant to Fed. R. Civ. P. Rules

12(b) for failure to exhaust administrative remedies as required by the Prisoner Litigation

Reform Act (PLRA).  ECF No. 18.  Plaintiff Tristan Bright has not filed a response.  His failure

to do so may be considered by the Court as an admission that the Defendant's motion has merit.

CR 7(b)(2).  Having carefully considered the motion and balance of the record, the Court

recommends that Plaintiff's claims be dismissed without prejudice for failure to exhaust

administrative remedies as required by the PLRA.

**FACTS**

**A.      Plaintiff's Claims**

Plaintiff is a prisoner at the Pierce County Jail, *i.e.,* the Pierce County Detention and

Correction Center (PCDCC).  He claims that on November 6, 2011, Defendants denied him a

visit with his one year old son, his three year old daughter, his mother, and his aunt.  ECF No. 6,

REPORT AND RECOMMENDATION - 1

at 3. He also alleges that on that same day, Defendants used excessive force against him for no reason. He claims that while his hands were handcuffed behind his back, Officer Rankin tackled him from behind, while Officers Earwick and Stevenson jumped on his neck, kicked him in the ribs and slammed his head on the concrete floor. *Id.*

**B. PCDCC Grievance Program**

PCDCC has developed a procedure for the filing of grievances. ECF No. 19, at 2 (Declaration of Pam Lacipierre, Office Assistant 3 for the PCDCC), Exhibit A (Prisoner Information Handbook). The Handbook contains the procedure for filing and appealing "Prisoner Grievances", stating in pertinent part:

> Prisoner Grievances
> The Pierce County Detention and Corrections Center has a grievance procedure that you can use to express valid grievances.
>
> Rules for Filing a Grievance/Appeal
> The grievance program is intended to address serious concerns that are personal to you.
>
> You may not use the grievance program to submit a request or appeal on behalf of another inmate(s).
>
> You have the responsibility to use this program in good faith and in an honest and straightforward manner. Knowingly, making a false complaint is a major rule violation.
>
> Before filing a formal grievance, you must first try to resolve the complaint informally with your Housing Officer.
>
> If you are unable to resolve complaint, you may fill out a Formal Grievance Form:
> ◊      State, specifically, one single complaint or a few number of closely related issues on the form. If there are multiple unrelated issues on the form it will be rejected.
> ◊      Complete the form with all the requested identifying information as well as stating the complaint.
> ◊      Sign the form and review the information you have written.

REPORT AND RECOMMENDATION - 2

◊     Hand the form to a Corrections Officer. It will be forwarded to a Duty Sergeant and then on to the Grievance/Complaint Coordinator. The grievance will be recorded and answered within 10 working days of the receipt of the grievance.

*Id.*, at 4.

Inmates in the PCDCC are provided access to The Handbook. ECF No. 19 (Lacipierre Decl.), at 1. Ms. Lacipierre has researched PCDCC prisoner grievance records. The records reflect that Mr. Bright submitted a "Pierce County Inmate Classification/Grievance Kite on November 18, 2011 regarding the events of November 6, 2011. *Id.,* Exhibit B. The grievance was denied on November 21, 2011. *Id.,* at 5. Noted at the bottom of the signed and dated denied grievance in bold print is the following language:

> IF YOU FEEL THIS GRIEVANCE RESOLUTION IS NOT ACCEPTABLE, YOU MAY APPEAL. YOUR APPEAL MUST FULLY DESCRIBE WHY YOU THINK THE RESOLUTION WAS NOT ACCEPTABLE. THE DECISION MADE AT THE APPEAL IS FINAL.

*Id.,* at 5.

Mr. Bright did not appeal the denial of his grievance. ECF No. 19 (Lacipierre Decl.), at 2. Mr. Bright acknowledges that there is a prisoner grievance procedure available at the PCDCC, that he filed a grievance, but that he had not completed the grievance process at the time he filed his complaint in this Court. ECF No. 6, at 2.

**STANDARD OF REVIEW**

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v.*

*Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). However, while the court can

liberally construe a *pro se* plaintiff's complaint, it cannot supply an essential fact that the

plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v.*

*Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss

only admits, for the purposes of the motion, all well-pleaded facts in the complaint, as

distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976);

*see also, Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984)

(conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. §

1983).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(c)(1) requires:

> The court shall on its own motion or on the motion of a party dismiss any action
> brought with respect to prison conditions under section 1983 of this title, or any
> other Federal law, by a prisoner confined in any jail, prison, or other correctional
> facility if the court is satisfied the action is frivolous, malicious, fails to state a
> claim upon which relief can be granted, or seeks monetary relief from a defendant
> who is immune from such relief.

The court can consider the dismissal for failure to exhaust as one for failure to state a

claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See Supermail Cargo,*

*Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (treating improper dismissal under

Rule 12(b)(1)[jurisdictional dismissal] as one under Rule 12(b)(6)).

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) mandates that:

> *No action shall be brought with respect to prison conditions* under section
> 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any
> other federal law, by a prisoner confined in any jail, prison or other
> correctional facility, *until such administrative remedies as are available are*
> *exhausted.*

REPORT AND RECOMMENDATION - 4

42 U.S.C. § 1997e [emphasis added].

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought to court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007).  Inmates must exhaust their prison grievance remedies before filing suit if the prison grievance system is capable of providing any relief or taking any action in response to the grievance.  "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The underlying premise is that requiring exhaustion "reduce[s] the quantity and improve[s] the quality of prisoner suits, [and] affords corrections officials an opportunity to address complaints internally. . . .  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 525.

Requiring proper exhaustion serves all of the goals of the rulings in *Nussle* and *Booth*, providing inmates an effective incentive to use the prison grievance system and thereby provides prisons with a fair opportunity to correct their own mistakes.  *Woodford v. Ngo*, 548 U.S. 81, 93-94, 126 S. Ct. 2378 (2006).  This is particularly critical to state corrections systems because it is "difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." *Id.* at 94 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 [1973]).  Courts have a limited role in reviewing the difficult and complex task of modern prison

REPORT AND RECOMMENDATION - 5

administration. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 [1987]) (urging a policy of judicial restraint as prison administration requires expertise, planning and the commitment of resources, all of which are the responsibility of the legislative and executive branches).

The exhaustion requirement applies to all claims in a complaint; it is not enough to exhaust administrative remedies as to some claims and then use that exhaustion as a jurisdictional hook on which to hang unexhausted claims in a federal civil rights action. *See Graves v. Norris,* 218 F.3d 884, 885 (8th Cir. 2000); *accord Terrell v. Brewer,* 935 F.2d 1015, 1018-19 (9th Cir. 1991) (in prisoner action brought under *Bivens* where only a portion of the claims had been exhausted, "the proper remedy [was] dismissal without prejudice"). This total exhaustion rule best promotes the purposes of the exhaustion requirement, which include allowing a prison to take responsive action, filtering out frivolous cases, and creating administrative records. *See Porter,* 534 U.S. at 523-25.

Here, it is undisputed that there is a well-established grievance procedure available to inmates who are incarcerated in the PCDCC. ECF No. 19 (Lacipierre Decl.) It is also undisputed that Mr. Bright filed a grievance relating to the events underlying his complaint, that his grievance was denied but he did not file an appeal from the denial of his grievance. *Id.*, Exhibit B; ECF No. 6, at 2.

Mr. Bright does not dispute these facts or present any evidence to the contrary. Under the well established grievance rules of the PCDCC, if Plaintiff was dissatisfied with the response he received from the institution to his grievance, he could have appealed the denial. He did not do so. He offers no argument as to why he should be relieved of that obligation.

REPORT AND RECOMMENDATION - 6

**CONCLUSION**

The undersigned recommends that Defendant's motion to dismiss (ECF No. 18) be **GRANTED** and that Plaintiff's claims against the Defendants be **dismissed without prejudice** for failure to exhaust.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 18, 2012**, as noted in the caption.

**DATED** this ___30th___ day of April, 2012.

Karen L. Strombom
United States Magistrate Judge